UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA ROCA,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 15-cv-02147-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

On May 20, 2015 Defendant Wells Fargo filed a motion to dismiss Plaintiff Teresita Roca's complaint. (Def.'s Mot., Dkt. No. 9.)

On September 29, 2015, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Wells Fargo's motion to dismiss.

## I. BACKGROUND

In 2008, Plaintiff Teresita Roca refinanced her mortgage loan, secured by a deed of trust, with Wachovia Mortgage for the Subject Property located at 129 Oliver Street, Daly City, California. (Compl., Dkt. No. 1, Ex. 1 ¶ 8; Def.'s Req. for Judicial Notice ("Def.'s RJN"), Dkt. No. 10, Ex. B.) Defendant Wells Fargo later acquired Wachovia, such that Wells Fargo now held the beneficial interest in Plaintiff's loan and servicing rights. (Compl. ¶ 9; Def.'s RJN, Ex. C.)

In 2011, Plaintiff began experiencing frustration regarding her loan payments. (Compl. ¶ 11.) On or around May 2011, Plaintiff was two payments behind when she called Wells Fargo to catch up. She paid the two payments in a lump sum and brought her account current through April 2011. (Compl. ¶ 13.) Plaintiff continued to make monthly mortgage payments. *Id.*

On or about August 30, 2011, Plaintiff attempted to pay her September 2011 payment in

advance. (Compl. ¶ 14.) Despite making monthly payments, Plaintiff's payment was not applied to her September payment. (Compl. ¶ 15.)

Plaintiff's next statement indicated that the August 30, 2011 payment was applied to the August 15, 2011 bill and Plaintiff was still due and owing for September 2011. (Compl. ¶ 16.) This payment processing continued by Defendant for the following months, with Plaintiff's October 2011 payment being applied to her September 2011 bill, and so forth. *Id.* Eventually, Wells Fargo placed Plaintiff's account into foreclosure status and filed a Notice of Default on January 18, 2013. (Compl. ¶ 17; Def.'s RJN, Ex. D.) Plaintiff alleges that the Notice of Default is premised on an inaccurate default amount, given the misapplication of Plaintiff's payments. *Id.*

Between June 2013 and March 2015, Plaintiff filed six bankruptcy petitions. (Def.'s RJN, Ex. E; Pl.'s Opp'n at 5.) The first two petitions were Chapter 7 cases that Plaintiff filed pro se. (*See* Pl.'s RJN, Exs. A & B.) Later petitions were Chapter 13 cases filed with the assistance of counsel.

On September 24, 2013, Plaintiff filed a Chapter 13 petition in Case No. 13-32126. (Pl.'s RJN, Ex. C.) Plaintiff moved to impose the stay against Wells Fargo. (Def.'s RJN, Ex. H.) Therein, she stated that she intended to diligently pursue and complete her bankruptcy. *Id.* at 7. Plaintiff motion to stay was granted. (Def.'s RJN, Ex. I.) Her petition was dismissed on October 22, 2013 for failure to file schedules. (Def.'s RJN, Ex. J.)

On October 28, 2013, Plaintiff filed a Chapter 13 petition in Case No. 13-32349. (Pl.'s RJN, Ex. D.) Plaintiff sought another stay against Wells Fargo, which was granted. (Def.'s RJN, Exs. K & L.) On November 4, 2013, Plaintiff filed her Schedule B, which did not list any claims against Wells Fargo. (Def.'s RJN, Ex. F.) On March 10, 2014, Plaintiff's petition was dismissed for failure to file an opposition to the Trustee's motion to dismiss. (Def.'s RJN, Ex. M.) On May 27, 2015, Plaintiff filed a motion to reopen the case to file an amended Schedule B, which was ultimately granted. *In re Teresita Roca*, No. 13-32349 (Bankr. N.D. Cal.), ECF Nos. 36-37, 39. The Amended Schedule B was filed on June 22, 2015, which included the claim against Wells Fargo. Am. Schedule B, *In re Teresita Roca*, No. 13-32349 (Bankr. N.D. Cal. June 22, 2015), ECF No. 40. The case was closed on July 8, 2015.

On April 23, 2014, Plaintiff filed a Chapter 13 petition in Case No. 14-30621. (Pl.'s RJN, Ex. F.) Plaintiff again sought a stay against Wells Fargo, which was granted. (Def.'s RJN, Exs. N & O.) On May 20, 2014, Plaintiff filed her Schedule B, which did not list any claims against Wells Fargo. (Def.'s RJN, Ex. G.) On September 5, 2014, Plaintiff's petition was dismissed prior to confirmation for failure to file an opposition to the Trustee's motion to dismiss. (Def.'s RJN, Ex. P.) The case remained open, and, on May 27, 2015, Plaintiff filed an amended Schedule B. (Pl.'s RJN, Ex. F.) The case was closed on June 24, 2015. *See* Order Discharging Chapter 13 Trustee and Final Decree, *In re Teresita Roca*, No. 14-30621 (Bankr. N.D. Cal. June 23, 2015), ECF No. 36.

On March 24, 2015, Plaintiff filed a Chapter 13 petition in Case No. 15-30353. Case Docket, *In re Teresita Roca*, No. 15-30353 (Bankr. N.D. Cal.). Plaintiff sought a stay against Wells Fargo, which was granted. (Def.'s RJN, Exs. Q & R.) On April 8, 2015, Plaintiff filed her Schedule B, which included claims against Wells Fargo in an amount unknown. (Pl.'s RJN, Ex. G.) The petition remains active. At the hearing, Plaintiff informed the Court that the Chapter 13 plan was confirmed by the bankruptcy court. Order Granting Mot. to Modify Chapter 13 Plan, *In re Teresita Roca*, No. 15-30353 (Bankr. N.D. Cal. Sept. 22, 2015), ECF No. 54 ("Section 2.04 shall reflect the following payment schedule for the claim of Wells Fargo Bank, N.A.: $1,595.36 per month starting month 5 until paid in full.")

Despite the ongoing bankruptcy proceedings, on April 10, 2015, Plaintiff filed the instant action in San Mateo County Superior Court, which Defendant promptly removed to federal court.

On May 18, 2015, the Court referred the case to the district's ADR Unit for an assessment telephone conference to discuss Plaintiff's suitability for a loan modification.

On May 20, 2015, Wells Fargo filed a motion to dismiss. (Def.'s Mot., Dkt. No. 9.) On June 3, 2015, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 14.) On June 10, 2015, Wells Fargo filed a reply. (Def.'s Reply, Dkt. No. 16.)

Due to the ADR referral, the parties engaged in protracted discussions with a mediator, and twice stipulated to continue the hearing on the motion to dismiss. The Court ultimately set the hearing to coincide with the September 29, 2015 case management conference to afford the parties

3

1  the opportunity to complete ADR process and potentially resolve the case in its entirety. (Dkt. No.
2  21.) The Court will now rule on the pending motion.

## II. LEGAL STANDARD

### A. Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

1  Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no
2  request to amend is made "unless it determines that the pleading could not possibly be cured by
3  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations
4  omitted).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Requests for Judicial Notice

As a preliminary matter, both Wells Fargo and Plaintiff ask that the Court take judicial notice of a number of documents in support of the motion to dismiss and the opposition.

#### i. Wells Fargo's Request for Judicial Notice

Wells Fargo asks that the Court take judicial notice of purportedly true and correct copies of: A) a Deed of Trust recorded with the San Mateo County Recorder's Office on March 18, 2008; B) an Adjustable Rate Mortgage Note, dated March 10, 2008, and signed by

Plaintiff Teresita Roca; C) Official Certification of the Comptroller of the Currency ("OCC") stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.; D) Notice of Default and Election to Sell Under Deed of Trust, recorded with the San Mateo County Recorder on January 18, 2013; E) PACER printout out, dated May 20, 2015, relating to Plaintiff's bankruptcies filed with the United States Bankruptcy Court, Northern District of California, between June 19, 2013 and March 24, 2015; F) Schedules relating to Plaintiff's Chapter 13 bankruptcy filed on November 4, 2013, United States Bankruptcy Court, Northern District of California, Case No. 13-32349; G) Schedules relating to Plaintiff's Chapter 13 bankruptcy filed on May 30, 2014, United States Bankruptcy Court, Northern District of California, Case No. 14-30621; H) Motion to Impose Stay as to Wells Fargo on September 24, 2013, United States Bankruptcy Court, Northern District of California, Case No. 13-32126; I) Order Granting Motion to Stay entered on October 2, 2013 in Case No. 13-32126; J) Order Denying Motion to Extend Time and Dismissing Case entered on November 5, 2013 in Bankruptcy Case No. 13-32126; K) Motion to Impose Stay as to Wells Fargo on October 28, 2013, United States Bankruptcy Court, Northern District of California, Case No. 13-32349; L) Order Granting Motion to Stay entered on November 1, 2013 in Case No. 13-32349; M) Order of Dismissal Prior to Confirmation entered on March 10, 2014 in Bankruptcy Case No. 13-32349; N) Motion to Impose Stay as to Wells Fargo on April 23, 2014, United States Bankruptcy Court, Northern District of California, Case No. 14-30621; O) Order Granting Motion to Stay entered May 8, 2014 in Case No. 14-30621; P) Order of Dismissal entered on September 8, 2014 in Bankruptcy Case No. 14-30621; Q) Motion to Impose Stay as to Wells Fargo on April 6, 2015, United States Bankruptcy Court, Northern District of California, Case No. 15-30353; and R) Order Granting Motion to Stay entered April 20, 2015 in Case No. 15-30353. (Def.'s Req. for Judicial Notice ("Def.'s RJN"), Dkt. No. 10.)

Plaintiff does not oppose Defendant's request for judicial notice.

A district court may take notice of facts not subject to reasonable dispute that are

"capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). Exhibit A, however, which purports to be a true and correct copy of Plaintiff's Deed of Trust, is instead a deed of trust for a property in Walnut Creek, California which names a borrower who is not Plaintiff. (Def.'s RJN, Ex. A.) Thus, the Court declines to take judicial notice of Exhibit A.

As to Exhibits B and D, the Court concludes that the government records and public documents submitted by Defendant are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v. Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at \*2 (N.D. Cal. 2010) (taking judicial notice of nearly identical documents).

Wells Fargo has requested that the Court take judicial notice of Exhibit C, which is the Official Certification of the Comptroller of the Currency regarding the merger of Wachovia into Wells Fargo Bank, N.A. Defendant contends that this document is appropriate for judicial notice because it reflects the official acts of the executive branch of the United States government. The California Evidence Code provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. *See* California Evidence Code§ 452 (c) (judicial notice may be taken of official acts of the legislative, executive or judicial departments). As Plaintiff has not objected to the authenticity of this exhibit, the Court will take judicial notice.

Wells Fargo has also requested that the court take judicial notice of several documents concerning Plaintiff's bankruptcy cases (Exs. E-R). Court records are subject to judicial notice, so the Court will take judicial notice of Exhibits E through R, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Wells Fargo's request for judicial notice.

///

///

### ii. Plaintiff's Request for Judicial Notice

Plaintiff asks that the Court take judicial notice of purportedly true and correct copies of: A) Case Docket, United States Bankruptcy Court for the Northern District of California, Case No. 13-31427; B) Case Docket, United States Bankruptcy Court for the Northern District of California, Case No. 13-31873; C) Case Docket, United States Bankruptcy Court for the Northern District of California, Case No. 13-32126; D) Case Docket, United States Bankruptcy Court for the Northern District of California, Case No. 13-32349; E) Case Docket, United States Bankruptcy Court for the Northern District of California, Case No. 14-30621; F) Amended Schedule B, filed on May 27, 2015, in Case No. 14-30621; G) Schedule B, filed on April 8, 2015, in United States Bankruptcy Court for the Northern District of California, Case No. 15-30353; H) Motion to Reopen Chapter 13 Bankruptcy, filed on May 27, 2015, in Case No. 13-32349[1]. (Pl.'s Req. for Judicial Notice ("Pl.'s RJN"), Dkt. No. 15.)

Court records are subject to judicial notice, so Plaintiff's request for judicial notice is GRANTED.

### B. Motion to Dismiss

Wells Fargo seeks dismissal on the grounds that judicial estoppel precludes the entire action, and, alternatively, that all causes of action are insufficiently pled.

### i. Judicial estoppel

As a preliminary matter, Wells Fargo argues that Plaintiff's entire case is barred by judicial estoppel. (Def.'s Mot. at 1.) Specifically, Defendant argues that Plaintiff's use of the bankruptcy court without disclosing her claims against Wells Fargo constitutes an unfair advantage that invokes judicial estoppel.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996);

---

[1] Plaintiff's request for judicial notice erroneously states that this court document was filed in Case No. 14-30621. Rather, this motion was filed in Case No. 13-32349. Since the document is a filed copy containing the ECF footer and case number, the Court will consider it subject to judicial notice.

*Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The court, in its discretion, may invoke judicial estoppel to not only to prevent a party from gaining an advantage by taking inconsistent positions, but also to "protect against a litigant playing fast and loose with the courts." *Russell*, 893 F.2d at 1037 (citing *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1311 (9th Cir. 1989)).

The Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or "accepted," the party's previous inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) (citing *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); *Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997)). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d at 783. In *Hamilton,* the Ninth Circuit held that the debtors who "fail to disclose a pending claim as an asset in a bankruptcy proceeding where debts were permanently discharged was estopped from pursuing such claim in a subsequent proceeding." *Id.* at 784.

Here, Plaintiff filed six bankruptcy cases, and filed schedules in three. (*See* Pl.'s Opp'n at 5.) At the time of filing her opposition, Plaintiff listed the claim against Wells Fargo in two cases, one of which was successfully reopened the case after the filing of Wells Fargo's motion to dismiss in the instant action. (Pl.'s RJN, Exs. F & G.) Plaintiff was later permitted to reopen the third case to amend her Schedule B to include her claim against Wells Fargo. Order Granting Debtor's Mot. to Reopen Bankr. Case, *In re Teresita Roca*, No. 13-32349 (Bankr. N.D. Cal. June 19, 2015), ECF No. 39.[2]

Defendant argues that Plaintiff enjoyed the benefits of the automatic stay from those bankruptcy filings without listing the claims in her schedules. Citing *Kaur v. Citibank, N.A.*, No. 1:13-CV-01610, 2014 WL 3756136, at *9-10 (E.D. Cal. July 30, 2014), Defendant argues that the

---

[2] Plaintiff's confirmed modified Chapter 13 plan, which includes payments to Wells Fargo, does not alter this analysis, because the claim amount is unknown and Plaintiff will be making monthly payments of $1,595.36 until "paid in full." *See* Order Granting Mot. to Modify Chapter 13 Plan, *In re Teresita Roca*, No. 15-30353 (Bankr. N.D. Cal. Sept. 22, 2015), ECF No. 54.

benefit from the stays imposed by the bankruptcy courts is sufficient, and that discharge is not required, to invoke judicial estoppel. (Def.'s Mot. at 6-7.) *Kaur*, however, is distinguishable, because there the plaintiffs purposely misled the bankruptcy court, by not disclosing the claims on subsequent filings even after the lender objected to the omission of the potential claims in the disclosure statements. *Kaur,* 2014 WL 3756136, at *10.

Here, there is no indication that Plaintiff knowingly misled the bankruptcy court, none of the bankruptcy courts presiding over Plaintiff's cases have certified any bankruptcy plans, and none of the court orders issued rely upon Plaintiff's submitted schedules. "This is crucial because, as noted above, the Ninth Circuit 'has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position.'" *Chancellor v. OneWest Bank*, No. 12-01068 LB, 2012 WL 1868750, at *6 (N.D. Cal. May 22, 2012) (quoting *Hamilton*, 270 F.3d at 783).

Additionally, Well Fargo contends that Plaintiff "misled the bankruptcy court when she argued that the stay should be imposed because Wells Fargo would be able to proceed to foreclosure if her bankruptcies were not successful. As a result, she cannot take a different position now by asserting unscheduled claims or seeking to oppose Wells Fargo's ability to foreclose." (Def.'s Mot. at 6.) There is no indication that Plaintiff was not forthright when she stated that Wells Fargo would be able to proceed with foreclosure. That position is in no way inconsistent with the instant litigation, particularly given that she has since amended all of her schedules to include claims against Wells Fargo, and Wells Fargo clearly intends to foreclose on her property.

In light of the foregoing, Plaintiff has not gained an advantage nor has she taken an inconsistent position, rendering judicial estoppel inappropriate.

### ii. Substantive claims

Additionally, Defendant contends that Plaintiff's four causes of action are not sufficiently pled. (Def.'s Mot. at 7-12.)

#### a. Breach of Contract

Plaintiff's first cause of action is for breach of contract. (Compl. ¶¶ 18-22.) Specifically,

Plaintiff alleges that Wells Fargo breached the agreement, contained in the deed of trust and promissory note, by failing to apply the August 30, 2011 payment to the September 2011 bill. (Compl. ¶¶ 19, 21.)

Defendant argues that Plaintiff fails to allege that she performed all of her obligations under the contract at the time of Wells Fargo's alleged breach—that is that she made her payments in full and on time. (Def.'s Mot. at 7-8.)

In opposition, Plaintiff contends that she clearly alleged her own performance under the contract by stating that she had caught up on her payments. (Pl.'s Opp'n at 10.) To the contrary, Plaintiff only pleads that her account was current through April 2011. (Compl. ¶ 13.) She does not allege that she made her May 2011 payment at all. Moreover, as Defendant states, Plaintiff does not provide that the monthly payments she made prior to the alleged misapplication of the September 2011 payment were made in full and on time. (Def.'s Mot. at 7-8; Compl. ¶¶ 14-15.) If Plaintiff had some arrears, the payment would have been first applied to the outstanding amount owed.

Defendant further contends that Plaintiff has not adequately alleged damages, because all injuries have only been assessed rather than paid. (Def.'s Mot. at 8.) Plaintiff, however, appears to allege that Defendant's misapplication of the September 2011 mortgage payment caused her default. *See Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 993 (N.D. Cal. 2012) (claim that lender induced default sufficiently alleged damages). Thus, Plaintiff has adequately pleaded damages.

Accordingly, the breach of contract claim is dismissed with leave to amend to allege facts that Plaintiff performed under the contract.

### b. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff's second cause of action is for breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 1-6[3].) "Under traditional contract principles, the implied covenant of good faith is read into contracts 'in order to protect the express covenants or promises of the

---

[3] Plaintiff misnumbered the paragraphs in her second cause of action, which appear on pages five and six, as well as the remaining paragraphs of her complaint.

11

1    contract, not to protect some general public policy interest not directly tied to the contract's
2    purpose.'" *Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373
3    (1992) (quoting *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988)). To allege a claim
4    for breach of the covenant of good faith and fair dealing, a plaintiff must allege the following
5    elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or
6    substantially all of the things that the contract require him to do or that he was excused from
7    having to do; (3) all conditions required for the defendant's performance had occurred; (4) the
8    defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and
9    (5) the defendant's conduct harmed the plaintiff. *See* Judicial Council of California Civil Jury
10   Instructions § 325 (2011); *see also Oculus Innovative Sciences, Inc. v. Nofil Corp.*, No. C 06-
11   01686 SI, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007).

12   Specifically, Plaintiff alleges that Wells Fargo interfered with her ability to perform
13   pursuant to the deed of trust by misapplying Plaintiff's September 2011 payment, resulting in her
14   being perpetually behind in her mortgage payments. (Compl. ¶¶ 4-5.)  As a result, Plaintiff alleges
15   that she has suffered credit damage, continued charging of late fees, attorney's fees, and
16   foreclosure fees, and the threatened loss of her property. (Compl. ¶ 16.)

17   Defendant argues that Plaintiff cannot sustain this cause of action, because the express
18   terms of the deed of trust call for the collection and application of payments. (Def.'s Mot. at 9.)
19   The deed of trust provided, however, is not for the Subject Property.  Regardless, the terms of the
20   deed of trust provided do not address the application of payments for amounts not yet due.  Thus,
21   Plaintiff may pursue this cause of action, but must affirmatively state that the account was current
22   through August 2011, such that the payment was misapplied.  If the account was not current
23   through August 2011, then there could not have been a breach, as the payment would have been
24   applied as stated in the express terms of the deed of trust, such that this cause of action could not
25   be sustained.

26   Notwithstanding, the second cause of action is dismissed with leave to amend to allege
27   facts that Plaintiff's account was current at the time the payment was allegedly misapplied.
28   ///

c.  Violation of California Civil Code § 2924.17

Plaintiff's third cause of action is for violation of California Civil Code § 2924.17, in which she alleges that Wells Fargo filed an inaccurate notice of default without reviewing competent and reliable evidence to substantiate Plaintiff's default. (Compl. ¶ 27.)

Section 2924.17 provides that before recording or filing a notice of default, a notice of sale, as well as other specified documents, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17(b).  If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of § 2924.17. Cal. Civ. Code § 2924.12(a).  While actual and statutory damages may only be recovered after a trustee's deed upon sale is recorded, the court may award a prevailing borrower reasonable attorney's fees and costs. Cal. Civ. Code § 2924.12(i).

Here, Plaintiff alleges that the notice of default stated that Plaintiff's mortgage payments were past due for months even though Plaintiff had submitted mortgage payments, which Defendant had accepted. (Compl. ¶ 27.)  In addition, Plaintiff alleges that the arrearage in the notice of default was inaccurately inflated to include late fees and foreclosure fees resulting from Defendant's misapplication of mortgage payments. *Id.*

Defendant contends that this claim is barred by the one year statute of limitations in California Code of Civil Procedure § 340(a), which requires that any "action upon a status for a penalty or forfeiture" must be brought within one year of accrual. (Def.'s Mot. at 9.)  Specifically, Defendant contends that Plaintiff's claim seeks to impose a penalty and "forfeiture by preventing Wells Fargo from exercising its right to foreclose pursuant to the January, 2013 Notice of Default." *Id.*  Wells Fargo claims that this is a forfeiture because its "alleged breach of its obligations under Civil Code § 2924.17 forfeits its right to foreclose." (Def.'s Mot. at 9-10.)

In response, Plaintiff argues that, pursuant to Civil Procedure Code § 338(a),[4] the statutory

---

[4] Plaintiff erroneously cites to California Civil Code § 338(a), which does not exist. (*See* Pl.'s Opp'n at 9.)

13

period is three years. (Pl.'s Opp'n at 9.) The Court agrees. As an initial matter, penalties are unavailable to Plaintiff, as she is not a government entity. *See* Cal. Civ. Code § 2924.17(c). Further, pursuant to § 2924.12(b), "[a]ny injunction shall remain in place and any trustee's sale shall be enjoined until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief." The injunction, therefore, is not permanent, and Wells Fargo may remedy the material violation by rescinding the notice of default. As a result, injunctive relief is not tantamount to forfeiture, and Plaintiff's claim is timely, as it was filed within three years of the notice of default.

Since the Court takes Plaintiff's allegations as true, the Court finds that the amount of Plaintiff's purported arrears in the notice of default could be explained by Defendant's misapplication of the loan payment, and failure to verify the amount with competent and reliable evidence prior to recordation. Plaintiff must still, however, plead additional facts to allege that her account was current when the payment was made, and that she was not otherwise in default as of May 15, 2012—the date of default included in the recorded notice of default.

Accordingly, Plaintiff's § 2924.17 cause of action is dismissed with leave to amend.

### d. Unfair Competition (Business and Professions Code § 17200)

Erroneously identified as the fifth cause of action, Plaintiff's fourth cause of action is for unfair competition in violation of California Business and Professions Code § 17200. (Compl. ¶¶ 30-35.) This claim is derivative of the other claims, and must, therefore, also be dismissed with leave to amend.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Wells Fargo's request for judicial notice and GRANTS Plaintiff's request for judicial notice.

Furthermore, Defendant Wells Fargo's motion to dismiss Plaintiff's complaint based on judicial estoppel is DENIED. On the merits, however, Defendant's motion is GRANTED with leave to amend all causes of action.

In light of the recently confirmed Chapter 13 Plan, the parties are ordered to meet and

confer regarding the necessity of an amended complaint and how Wells Fargo intends to proceed regarding its interest in the Subject Property.

Should the parties be unable to reach a resolution, Plaintiff shall file an amended complaint within 21 days of this order.

IT IS SO ORDERED.

Dated: September 29, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

15