UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESITA ROCA,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 15-cv-02147-KAW<br><br>**ORDER GRANTING WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 30 |

    On November 18, 2015 Defendant Wells Fargo filed a motion to dismiss Plaintiff Teresita Roca's first amended complaint. (Def.'s Mot., Dkt. No. 30.)

    On January 21, 2016, the Court held a hearing, in which the telephonic appearance of the parties was interrupted. Notwithstanding, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and, for the reasons set forth below, GRANTS Wells Fargo's motion to dismiss with prejudice.

## I. BACKGROUND

    In 2008, Plaintiff Teresita Roca refinanced her mortgage loan, secured by a deed of trust, with Wachovia Mortgage for the Subject Property located at 129 Oliver Street, Daly City, California. (First Am. Compl., "FAC," Dkt. No. 28 ¶ 8; Def.'s Req. for Judicial Notice, "Def.'s RJN", Dkt. No. 31, Ex. A.) Defendant Wells Fargo later acquired Wachovia, such that Wells Fargo now holds the beneficial interest in Plaintiff's loan and servicing rights. (FAC ¶ 9.)

    In 2011, Plaintiff began experiencing frustration regarding her loan payments. (FAC ¶ 11.) On or around May 2011, Plaintiff was two payments behind when she received correspondence from Wells Fargo, dated May 11, 2011, indicating that she owed arrears in the amount of $4,197.18. (FAC ¶ 13.) Thereafter, Plaintiff called Wells Fargo to inquire as to the current amount

of arrears, and was told that she needed to make a payment of $6,195.42 to bring her account current. *Id.* She made a payment in the amount of $6,195.42, and believed that this sum represented the $4,197.18 in arrears and the May 2011 mortgage payment, which would be sufficient to bring her account current. (FAC ¶¶ 13-14.) Plaintiff continued to make monthly mortgage payments. (FAC ¶ 15.)

On or about June 4, 2011, Plaintiff submitted a payment totaling $3,933.62, which was in excess of the amount owed on the loan. (FAC ¶ 16.) On July 5, 2011, Wells Fargo sent Plaintniff a statement that reflected that Plaintiff owed a past due balance of $3,873.64, which included $457.24 in late fees. (FAC ¶ 17.)

In August 2011, Plaintiff remitted three payments. (FAC ¶ 18.) On August 17, 2011, Plaintiff submitted a payment of $1,936.82. (FAC ¶ 19.) On August 29, 2011, Plaintiff submitted a payment of $1,937.00. (FAC ¶ 20.) On August 30, 2011, Plaintiff submitted a payment of $1,936.82, which was intended as an advanced payment for the September 2011 regular mortgage payment. (FAC ¶ 21.) Despite making monthly payments, Plaintiff's August 30, 2011 payment was not applied to her September payment. (FAC ¶ 22.)

Instead, Plaintiff's next statement indicated that the August 30, 2011 payment was applied to the August 15, 2011 bill and Plaintiff was still due and owing for September 2011. (FAC ¶ 23.) This payment processing continued by Defendant for the following months, with Plaintiff's October 2011 payment being applied to her September 2011 bill, and so forth. *Id.* Eventually, Wells Fargo placed Plaintiff's account into foreclosure status and filed a Notice of Default on January 18, 2013. (FAC ¶ 23.) Plaintiff alleges that the Notice of Default is premised on an inaccurate default amount, given the misapplication of Plaintiff's payments. (FAC ¶ 24.)

Between June 2013 and March 2015, Plaintiff filed six bankruptcy petitions. On March 24, 2015, Plaintiff filed a Chapter 13 petition in Case No. 15-30353. Case Docket, *In re Teresita Roca*, No. 15-30353 (Bankr. N.D. Cal.). Plaintiff sought a stay against Wells Fargo, which was granted. On April 8, 2015, Plaintiff filed her Schedule B, which included claims against Wells Fargo in an amount unknown. The petition remains active.

Despite the ongoing bankruptcy proceedings, on April 10, 2015, Plaintiff filed the instant

action in San Mateo County Superior Court, which Defendant promptly removed to federal court.

On July 30, 2015, Wells Fargo filed a proof of claim in the bankruptcy case, alleging that Plaintiff owed arrearage on the mortgage loan in the amount of $89,339.76. (Pl.'s Req. for Judicial Notice, "Pl.'s RJN", Dkt. No. 38, Ex. B at 1.) This amount included late fees incurred between March 2011 and August 2012 in the amount of $1,333.20. *Id.* at 5. On August 27, 2015, Plaintiff filed a motion to modify the Chapter 13 plan to include the amount of arrears contained in Wells Fargo's proof of claim. (Def.'s RJN, Ex. C.) The proposed modified plan provided that Plaintiff would make payments to Wells Fargo in the amount $1,595.36 per month until the $89,339.76 in arrears are paid in full. (Def.'s RJN, Ex. C at 4.) On September 22, 2015, the bankruptcy court granted Plaintiff's order to modify the Chapter 13 plan, such that the plan was confirmed. (Def.'s RJN, Ex. D.)

On September 29, 2015, the court dismissed Plaintiff's initial complaint with leave to amend. (9/29/15 Or., Dkt. No. 26.) On October 20, 2015, Plaintiff filed a first amended complaint.

On November 18, 2015, Wells Fargo filed a motion to dismiss the first amended complaint. (Def.'s Mot., Dkt. No. 30.) On December 2, 2015, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 37.) On December 9, 2015, Wells Fargo filed a reply. (Def.'s Reply, Dkt. No. 39.)

## II.   LEGAL STANDARD

### A.   Motion to Dismiss pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

3

1  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B.  Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and

4

may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

#### A. Requests for Judicial Notice

As a preliminary matter, both Wells Fargo and Plaintiff ask that the Court take judicial notice of a number of documents in support of the motion to dismiss and the opposition.

##### i. Wells Fargo's Request for Judicial Notice

Wells Fargo asks that the Court take judicial notice of purportedly true and correct copies of: A) a Deed of Trust recorded with the San Mateo County Recorder's Office on March 18, 2008; B) an Adjustable Rate Mortgage Note, dated March 10, 2008, and signed by Plaintiff Teresita Roca; C) Motion to Modify Chapter 13 Plan, filed by Plaintiff on August 27, 2015 in United States Bankruptcy Court for the Northern District of California, Case No. 15-30353; and D) Order Granting Motion to Modify Chapter 13 Plan, filed on September 22, 2015 in United States Bankruptcy Court for the Northern District of California, Case No. 15-30353. (Def.'s Req. for Judicial Notice ("Def.'s RJN"), Dkt. No. 31.)

Plaintiff does not oppose Defendant's request for judicial notice.

A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).

Exhibits A and B are government records and public documents, which are not subject to reasonable dispute and are proper subjects of judicial notice. *See Lopez v.*

5

*Wachovia Mortg.,* No. C 10–01645, 2010 WL 2836823, at *2 (N.D. Cal. 2010) (taking judicial notice of nearly identical documents).

Exhibits C and D are documents filed in Plaintiff's pending bankruptcy case. Court records are subject to judicial notice, so the Court will take judicial notice of Exhibits C and D, because they are true and correct copies of a court record. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Accordingly, the Court GRANTS Wells Fargo's request for judicial notice.

### ii. Plaintiff's Request for Judicial Notice

Plaintiff asks that the Court take judicial notice of purportedly true and correct copies of: A) Schedule B, filed on April 8, 2015, in United States Bankruptcy Court for the Northern District of California, Case No. 15-30353; and B) Claim filed by Wells Fargo Bank on July 30, 2015 in United States Bankruptcy Court for the Northern District of California, Case No. 15-30353. (Pl.'s Req. for Judicial Notice ("Pl.'s RJN"), Dkt. No. 38.)

Court records are subject to judicial notice, so Plaintiff's request for judicial notice is GRANTED.

### B. Motion to Dismiss

Wells Fargo seeks dismissal on the grounds that judicial estoppel precludes the entire action, and, alternatively, that all causes of action are insufficiently pled.

### i. Res judicata

Wells Fargo contends that the instant lawsuit is barred by res judicata on the grounds that the bankruptcy court granted Plaintiff's motion to modify the Chapter 13 plan, which encompassed all issues associated with her loan contract, such that she is not permitted to relitigate the issues after obtaining relief from the bankruptcy court. (Def.'s Mot. at 2.) The doctrine of res judicata "bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994).

There is no dispute that this case involves the same parties. At issue then is whether the confirmed Chapter 13 plan is a final judgment on the merits. Generally, plan "[c]onfirmation has

preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692, 191 L. Ed. 2d 621 (2015). "Once a bankruptcy plan is confirmed, it is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata effect." *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995).

In opposition, Plaintiff argues that she does not dispute the amount of the arrearages, but, rather, is suing for the conduct that gave rise to the arrearages that accumulated. (Pl.'s Opp'n at 5.) This is not persuasive. If Plaintiff wanted to complain of Wells Fargo's conduct—namely the alleged misapplication of her payments— she should have initiated an adversary proceeding in the bankruptcy court. Currently, as modified, the arrearage amount in the confirmed plan included the late fees that Plaintiff now claims were improperly assessed. (*See* Pl.'s RJN, Ex. B at 5.) Thus, the confirmed plan not only serves to validate the accrued arrearage, but precludes litigation regarding all other questions that could have been raised related to the late fees, including whether Wells Fargo properly applied those payments at issue in the instant litigation. *Trulis*, 107 F.3d at 691.

Plaintiff also argues that Wells Fargo's bankruptcy proof of claim does not include the September 2011 payment, or those made prior to that date, as it only seeks payments beginning in April 2012, such that the proof of claim does not encompass the conduct alleged in this litigation. (Pl.'s Opp'n at 5; Pl.'s RJN, Ex. B at 4.) In its reply, Wells Fargo contends that those payments were paid, but were not paid timely, which is reflected in the claim form, where it seeks late fees. (Def.'s Reply at 3-4; Pl.'s RJN, Ex. B at 5.) This is accurate, as Wells Fargo lists the late fees incurred between March 2011 and August 2012. (Pl.'s RJN, Ex. B at 5.) Accordingly, Wells Fargo's proof of claim subsumes all of Plaintiff's claims at issue in this lawsuit.

Finally, Plaintiff cites *Restoration Homes, LLC v. Taniguchi*, in support of her argument that res judicata does not attach to this situation. (Pl's Opp'n at 4.) *Taniguchi*, however, is inapposite. There, the district court affirmed and clarified a bankruptcy court's order on a mortgage proof of claim that was objected to by the debtor. *Restoration Homes, LLC v. Taniguchi*, 15-cv-00032-WHO (N.D. Cal. Aug. 7, 2015), ECF No. 9. Indeed, the court made no finding of res judicata because that was a determination to be made by the state court presiding over the

7

lawsuit. *Id.* at 5-6.

In light of the foregoing, the instant lawsuit is barred by the confirmation of Plaintiff's modified Chapter 13 Plan, and Defendant's motion to dismiss on res judicata grounds is granted.

### ii. Substantive claims

As the case is precluded by the confirmed Chapter 13 plan, the Court need not address Wells Fargo's motion to dismiss as it pertains to the substantive claims.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS Wells Fargo's request for judicial notice and GRANTS Plaintiff's request for judicial notice.

Furthermore, Defendant Wells Fargo's motion to dismiss Plaintiff's complaint on the grounds that the confirmed Chapter 13 plan precludes the instant lawsuit is GRANTED with prejudice. The Clerk shall close the case.

IT IS SO ORDERED.

Dated: February 1, 2016

KANDIS A. WESTMORE
United States Magistrate Judge